Good morning. Tom Schlesinger for Rudy Sablan. At the original sentencing of this case, incidentally, I asked to reserve two to three minutes at the end of the argument for rebuttal. At the original sentencing, in this case, at excerpts record 81, the district court judge asked both defense counsel and the AUSA whether they considered the state prosecution and the federal prosecution to be, in the words of the court, the same offense. Everybody in that courtroom agreed that that was the case. This meant that credit for time served would be all of the time spent in state custody from the time of Mr. Sablan's initial arrest, which occurred on either the 26th of October or the 27th of October. Now, what was the district court's responsibility at that point? Under Guidelines Section 5G1.3, the court had to make a determination of the amount of time to be credited and had to indicate in the judgment what its ruling was. Well, let me ask you if I could. During the sentencing hearing, it appears that the probation officer asserted that there was no evidence that Mr. Sablan over-served his sentence. And are you asserting that your client over-served his original sentence? And if so, by how much? And was there ample discussion to make that clear for the district judge at that time? I think there was ample discussion to make it clear to the district court judge. I'm not sure about the Bureau of Prisons, however. The amount of time, the way I computed it, is 112 days, which would be between the date Mr. Sablan was originally arrested in the state case under local court CF-60111 and the date that he was indicted in the federal case, which was February 15, 2012. What I meant by the fact that the judgment had to indicate all of this is the fact that when you look at the judgment, all it says is credit for time served. It's ambiguous. It doesn't indicate whether that means credit for time served on the federal case exclusively or whether it means both the state case and the federal case, which would give the Bureau of Prisons an indication of what they were supposed to compute. Now, as you recall, in the briefing, the Bureau of Prisons fell quite short in its determination of the credits to be and the U.S. Probation Department did a lot better job in determining that. Let's just assume that there was over service, that in general he had served more time than originally required, but he's now before the district court on supervised release, right? Correct. Okay, so I'm having some trouble squaring that with the statute that you argued, which is 3585B, but it relates to reduction of incarceration, not supervised release. So can you explain, is there any support for the court to have gone and ignored the specific terms of that statute? No, they didn't have to do that, Your Honor. Basically, what happened was that they confused what the mandate was in the Supreme Court case of United States v. Johnson, which indicated the authorized term expires based on this intervening case law under Bailey, there was a firearms case, whereupon the defendant was immediately released from custody. And so in that case, there was no question as to when supervision began. But in this case, what you had was you had Mr. Sablon, who remained in prison after his jail term expired. And so that was an unlawful continuation. And that's not before the court at that point, we're talking about his supervised release. So you really haven't answered my statutory question. And let me add to that, it would seem to me that under 3585E, that that would be more applicable, where you can reduce time for over service, but the judge is not required to. But that's not the statute that you were arguing in your brief or that was argued before the district court. Well, 3585B2 appears to apply. And then in terms of 8535, I'm sorry. You said 8535B2? How does that apply? How does B2 apply? Well, because the state case was, and it was based on an arrest that occurred after the commission of defense for which the sentence was imposed. And the position of the parties was is that the state case and the federal case were one and the same, so that they would run concurrently from the start of whatever the first date of custody was when he was first placed in detention. And this was problematic in this case, because the party seemed to misunderstand as to when the time would begin to run. Everybody seemed to think that it would run at the time the indictment was filed, the federal indictment was filed. But there's no case law, which would support the idea that that would be the operative date for beginning the credit. Council, what's our standard of review here? The standard of review here would be based on the abuse of discretion on the part of the district court in failing to make the guidelines determination under 5G1.3, and to use that in a post-Brooker world as a starting point in determining what the guideline ran should have been. So what case are you relying upon to support your position that abuse of discretion is the proper standard of review? What case says that? The cases that are closest to identifying that would be the two cases that were decided in this court, United States v. Armstead and United States v. Brito. Although, Your Honor, I did have a dissent in the Brito case, Judge McEwen did, but that was a different scenario because the guideline said that there were limitations in terms of how far down you could go, at least at that time. But the 28J letter that we filed would suggest to the court that that is not something that's etched in stone. In other words, there are situations like the case involving the FSA credits and the situation we had here where Mr. Saban remained in custody beyond the actual term, the legal term of the sentence. Counsel, Brito discussed the motion to reduce a sentence, but that's not what we have here, is it? What we have here, well, we have the revocation, we have the new imposition of supervised release. But this is a term of supervised release as opposed to a sentence, so why would Brito be controlling in terms of the standard of review? Well, the supervised release situation here was one that I mentioned, which is that it did in fact run with the prior term of incarceration because he was never, first of all, he was never released at the time he properly for the credit that he should have received from the day he first entered state custody. But also is the fact that you have to treat the term of supervision as run in this case while the defendant remained in prison without proper authority. This is what we're, this is our position, and it seems to be consistent with some of the cases that came out after the Johnson decision. And so for that, for that reason, since the federal and the local case ran together, the credit had to be applied to what was left of the federal case because the three-year sentence in the state case had already passed by the time this became known. May it please the court, Rosetta St. Nicholas on behalf of the United States. The appellant's overserved time cannot reduce supervised release. The relief sought by this because this court respectfully is not the proper forum. The district court imposed a term of incarceration and supervised release. The purpose of supervised release differs from incarceration. It has a distinct rehabilitative goal. It serves a post confinement assistance to the defendant to assist him with transition and to reduce supervised release would defeat the two goals of supervised release. Do you agree that Mr. Subban has potential relief under 3583E? I do agree, Your Honor. But I take it your position is that that's not something for this court to decide, but should be in the district court. That is our position, Your Honor. Is there a motion? Does their motion have to be filed specifically related to that? Yes, Your Honor. So we believe that the appellant can file a motion before the district court. He can raise 3583E1 or E2. He can invoke that. And that is a remedy that Johnson has proposed, the equitable remedy that is available to this appellant. So basically, if he agrees that he could get relief under that, it's just a question of the discretion of the district court. This would go back to the district court for consideration of that, which was not raised before. Is that right? That is correct. And the appellant can raise it before the district court. It'll be an opportunity for the district court to consider, for example, the defendant's conduct, pattern scores. But the point being that yes, he has overserved time. It still has value. It can be brought, though, before the district court. In the original case, once this whole question of overserved time was brought to the attention of the district court, didn't the district court amend the judgment and issue a new judgment, giving him credit for time served? He did. The court did, Your Honor. So the appellant brought a 3583 motion. The 3583 motion is, I'm sorry, the 3582 motion is commonly known as the compassionate release statute. So the appellant brought the fact that he had overserved time and he presented that he had 913 days of overserved time. The district court, having heard the argument, filed an amended judgment, which is in ER 21-22. The amended judgment gave this appellant 881 days credit for that overserved time. And the court also noted that this was pursuant to 5G 1.3b and actually corrected. So how much overserved credit time is there as a result, if we were to take into account the amended judgment that allowed for immediate credit for time served? Yes, Your Honor. So we believe that the appellant has 112 days, and that is calculated from the date of his local arrest on October 26, 2011, until the date of his federal case, which is February 15, 2012. So counsel, are you saying that the number of days in contention are 112? That's what is an issue here? Yes, Your Honor. Okay. And so I'll ask, do you agree that our standard of review here today is abuse of discretion? No, we disagree. What do you think our standard of review is? The standard of review, we believe, is because this issue was not raised before the district court. It's plain error. And so looking ultimately, though, so that's what happened before. Apparently, the defendant in this case before us now, his supervised release was revoked, came back to the district court for a sentencing at that time, is that correct? And that's what's being appealed right now? Yes. But the district court heard the request for getting credit for time served, even though it was under, I think, a statute that doesn't really squarely fit for what the defendant was asking for. And didn't the district court give a below guideline sentence in this case, or the low end? For the supervised release term? Yes. The district court did impose a, I believe it was a three month term of incarceration, followed by a two year term of supervised release. And he was looking at more than that, correct? Certainly. He could have faced a range. It could have been a range, for example, from three to nine months imprisonment, and the court imposed the low end. The magistrate judge had recommended 12 months, correct? And then the district judge imposed the two years of supervised release. So if he were to go back, it would seem to me he raised these exact arguments in district court. He was just invoking the wrong statute, right? Well, your honor, I mean, he's basically saying, give me credit for time served. I don't need, I'm not required to have a sentence as long as you're saying. Yes, I believe his counsel raised it. But your honor, I do not believe that there has been record or there's been any ERs that document that he raised the issue before the magistrate judge or the district court. Well, the whole point was credit for time served. So I don't know, I'm having a little trouble understanding why you think he didn't raise it. And that would actually implicate whether we would be looking at this as clear error, or whether we'd be looking at it as abuse of discretion, wouldn't it? We'd agree, your honor. The record doesn't, there has been no record that he has raised it below. In the event that the court considers that he did raise it, we contend that there was no error, that there was certainly no plain error, that his substantial rights have not been affected. And the court, this court, your honor, has a discretion to remedy only if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings. If the district court imposed a low-end guideline sentence and did hear that the appellant had 112 days of over served time, then that was within the district court's consideration and the court did not err. In your view, is there anything that would preclude Mr. Solan from going back to the district court and then arguing under 3585E that the remainder of his over served time should be taken into account? Your honor, I believe that the remedy that he has is the equitable remedy that Johnson points out under 3583E1 and E2. We believe that Johnson, the Supreme Court, has held that 3624 is the controlling statute and that is a remedy for over served time. And that doesn't really answer my question because there's a remedy for over time and there's a difference, of course, between incarceration, imprisonment, and supervised release. But he could make the argument that that would be a factor in setting his sentence, couldn't it? Certainly, the court could consider that as a factor in applying 3583 relief. The fact of over served time. Thank you. Thank you, your honor. Otherwise, your honor, we submit. Thank you. The remaining time that I have, I just want to point out that there really is no question as to whether the issue was raised before the district court. There's no, the standard is abuse of discretion can't be plain error when at SER20 and at ER19 and at SER6, both the defense attorney and the U.S. probation officer identify in their submissions that this issue is before the court. The question is whether it was properly raised with the right statute before the district court, I think is one of the issues that we're looking at. Yes, it seems to us that if the court is going to decide that 5G 1.3 does not apply, then it has to state why. Because if it doesn't state why, then the sentences outside of the realm of the guidelines is considered a sentence that should be remanded for reconsideration. Because the BOP doesn't have the power to interpret guidelines. It only has the power to interpret the statutes and its own program statements. And as the court may recall, in this particular instance, the BOP actually has a program statement which says that in these situations, if somebody is to be revoked on supervision and sentenced to jail time, that under the tax that we have in this case, that credit should be given. So the question, and of course, there was actually one case that said, well, if that hasn't happened yet, then the defendant can at least bank that time and have that time ready. But we're not asking for the court to consider that as the remedy, because going back to jail obviously is more severe than being on supervision. At the time we filed this appeal, the only issue was whether credit could be given for supervision. And since, as we said at the beginning of our argument today, that the time that he overspent in custody to begin with was not part of a lawful state or federal sentence, it should be credited to whatever is available, which would be supervised release. It appears the other factor we look at in this case is whether his sentence was substantively unreasonable. And this was a below-guideline sentence, I believe, of three months. What's your best argument that this was a substantively unreasonable sentence? Okay. The best argument would be that the district court did not fulfill its duties under Guidelines Section 5G1.3, because even though it said credit for time served and went with the party's positions, it was not clear on the record as to what the court meant. And therefore, 5G1.3 actually, at the beginning, under Booker and Cardi, the court has to establish what is the guideline range. Did you ask for correction of the judgment or clarification? Well, implicitly we did. No, but you didn't go back because you're now telling us, well, we have the judge's order in the sentence, but there's some ambiguity there. So my question is, did you go back and say to the judge, there's an ambiguity here as to what you meant by that? That could be done. No, did you do it? That's my question. Did we do it in so many words? Again, implicitly yes, but no exact words. You're up here at the Court of Appeals and now saying the district court had some ambiguity, but there is an opportunity for trial counsel if there's some ambiguity in the court's record, or if there's something that is not fully understand to correct it at the trial level, so that we don't even see it at the Court of Appeals, right? I understand that, Your Honor. The reason why we're here and what we're asking this court to do is to identify what is the protocol for the court at the time of sentencing, and did this court follow that protocol? We don't think that it did. If there was no appeal raised before this court, I don't think we would have any opportunity to do much of anything because the district court took the position, first of all, that it felt that it was the Bureau of And in terms of the guidelines computations, that's not something the BOP can actually do. Now, if the court had identified in the judgment what exactly it had found in terms of credits and had identified the state case in its judgment, then that would have been helpful to the Bureau of Prisons. You understand the district court is limited on giving credit. The BOP has a clear role. You appreciate that. It has a clear role, but the district court also has a clear role. And even under Johnson, if the BOP gets it wrong, the defendant still has the right to go back and obtain clarification, and that's true. Under the proper statute, yes. That's the point, I think. Yes, and I think he can avail himself of that. Still. If he has guidance from this court. Without guidance from this court, the district court is just going to say, well, we maintain the position we've always taken in this case, which is there was credit for time served, and this is what the parties agreed to, and there's no further remedy to be given. But that's not really true. Well, okay. Thank you very much. Thank you. Appreciate your argument presentation here today. Nicholas and Mr. Schlesinger, thank you very much. Appreciate that. The case of United States of America v. Sablan is now submitted.
judges: MURGUIA, McKEOWN, RAWLINSON